UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEB HANA BANK, as trustee of LIME Chicago Office Professional Investor's Private Real Estate Fund 3,<br><br>                         Plaintiff,<br><br>        v.<br><br>MS WACKER MANAGER LLC; SL WACKER MANAGER LLC; 601W SOUTH WACKER PROPERTY MANAGER LLC; JOSEPH SKYDELL; MICHAEL SILBERBERG; and MARK KARASICK,<br><br>                        Defendants. | Case No. 1:25-cv-02059-PAE<br><br>Hon. Paul A. Engelmayer |

## CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER

**WHEREAS,** the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to the applicable Federal Rules of Civil Procedure ("FRCP"), the Local Rules of United States District Courts for the Southern and Eastern Districts of New York ("Local Rules") and the Individual Rules and Practices in Civil Cases of the Hon. Paul A. Engelmayer, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

2. Counsel for any party may designate any Document or Testimony, in whole or in part as:

    a. "Confidential" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary,

1

a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

b.  "Highly Confidential – Attorneys' Eyes Only Information" if counsel determines, in good faith that such designation is necessary because the document or information is of such a private, sensitive, competitive or proprietary nature that present disclosure to persons other than those identified in Section 5 below would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the producing party. A designation of Highly Confidential – Attorneys' Eyes Only Information will be stamped "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION."

3.    The "Confidential Information" and/or "Highly Confidential – Attorneys' Eyes Only Information" disclosed will be held and used by the person receiving such information solely for use in connection with the action.

4.    A party may challenge another party's designation of "Confidential Information" and/or "Highly Confidential – Attorneys' Eyes Only Information" by sending written notice to counsel via email. Counsel shall make a good faith effort to resolve the dispute without Court intervention. If the non-challenging party does not agree to declassify the document or information within ten (10) days of such notice, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that "Confidential Information" and/or "Highly Confidential – Attorneys' Eyes Only Information" disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of "Confidential Information" and/or "Highly Confidential – Attorneys' Eyes Only Information."

5.    Unless otherwise ordered by the Court, or agreed to in writing by the producing party, documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a.  Personnel of the parties actually engaged in assisting in the preparation of this action for trial or other proceedings herein and who have been advised of their obligations hereunder, including but not limited to officers, directors, employees, and in-house counsel;

b.  Counsel for the parties to this action and their associated attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting such counsel in preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

    c. Consultants or expert witnesses assisting in the prosecution or defense of the matter, to the extent deemed necessary by outside counsel;

    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

    e. Deposition and trial witnesses;

    f. Officers before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer; and

    g. Any other person agreed to by written consent of the Producing Party.

6.    Unless otherwise ordered by the Court, or agreed to in writing by the producing party, documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" shall not be disclosed to any person except:

    a. Outside counsel for the parties to this action;

    b. Employees of such outside counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by outside counsel;

    d. The Court (including the mediator, or other person having access to any Highly Confidential – Attorneys' Eyes Only Information by virtue of his or her position with the Court);

    e. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    f. Deposition and trial witnesses who are employees of the producing party during the offering of such witnesses' deposition and/or trial testimony, as applicable;

    h. Officers before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer; and

    g. Any other person agreed to by written consent of the Producing Party.

7.    Prior to disclosing or displaying "Confidential Information" and/or "Highly Confidential – Attorneys' Eyes Only Information" to any person (including those persons identified in Section 4(c), 4(e), 5(c), and 5 (f)), outside counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person, except outside counsel, employees of outside counsel, or those persons identified in Sections 4(d) and 5(d), to sign an agreement to be bound by this Order in the form attached as Exhibit A.

8.     Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Confidential Information so as to prevent unauthorized disclosure.

9.     Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

10.     The Parties may redact: (1) information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; and (2) information subject to non-disclosure obligations imposed by governmental authorities, law or regulation (e.g. protected personal information).

11.     Unless otherwise designated during the deposition, all depositions shall presumptively be treated as "Confidential Information" and subject to this Order during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties.  At or before the end of such fifteen-day period, any party may designate a portion or all of a deposition transcript as "Confidential Information" and/or "Highly Confidential – Attorneys' Eyes Only Information" by delivering written notice via email to counsel.

12.     The disclosure of a document or information without designating it as "Confidential Information" and/or "Highly Confidential – Attorneys' Eyes Only Information" shall not constitute a waiver of the right to designate such document or information as "Confidential Information" and/or "Highly Confidential – Attorneys' Eyes Only Information." If so designated, the document or information shall thenceforth be treated as "Confidential Information" and/or "Highly Confidential – Attorneys' Eyes Only Information", as the case may be, subject to all the terms of this Stipulation and Order. No party may waive any applicable privilege or other protection on behalf of any other party.

13.     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and

confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, and the documents and/or information containing PII are subject to said data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

14.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(b) and (d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

15.     Notwithstanding the designation of information as "Confidential Information" and/or "Highly Confidential – Attorneys' Eyes Only Information" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

16.     In the event any party intends to file any documents marked "Confidential" with the Court, it shall redact the names or other identifying information of non-parties prior to filing any such document, except for a) the names of decision-makers and investigators, and b) the names of peripheral non-parties shall be presumptively redacted in any public filing. The filing Party shall notify that other Party within twenty four (24) hours after the redacted filing by providing the other Party with a copy of the redacted filing as well as a version of the filing with the relevant Party's Confidential Information unredacted. If a party believes that such redactions would hinder its ability to prosecute or defend its case, it must first meet and confer to attempt to resolve the dispute without involvement of the Court. If the parties cannot resolve the dispute, the parties shall jointly write to the Court in accordance with the Local Rules and the Court's Individual Rules of Practice.

17.     At the conclusion of litigation, upon request of the producing party, "Confidential Information" and/or "Highly Confidential – Attorneys' Eyes Only Information" and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected. The confidentiality obligations of this Order shall survive any termination.

18.     Nothing herein shall preclude the parties from disclosing material designated to be "Confidential Information" and/or "Highly Confidential – Attorneys' Eyes Only Information" if otherwise required by law or pursuant to a valid subpoena; however, such party must a) give written notice by email to the counsel for the producing party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the producing party five (5) business days to object to the production of such "Confidential Information" or "Highly Confidential Attorneys' Eyes Only Information," if the producing party so desires.

19.     In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Information until its/their counsel has executed and, at the request of any Party, filed with the Court, the agreement of such party(ies) and such counsel to be fully bound by the Stipulation.

20.     If a Receiving party is called upon to produce Confidential Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving party from which the Confidential Information is sought shall (a) give written notice by email to the counsel for the Producing party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing party five (5) business days to object to the production of such Confidential Information, if the Producing party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

21.     This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Civil Practice Law and Rules or other applicable law.

22.     Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

23.     This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

SO STIPULATED AND AGREED.

Jinhee Kim
Somin Jun
**Jipyong LLC**
26F, Grand Central A
14 Sejong-daero, Jung-gu
Seoul 04527, Republic of Korea
+82-2-6200-1782
jinheekim@jipyong.com
smjun@jipyong.com

Joseph M. DeFazio
**Troutman Pepper Locke LLP**
875 Third Avenue
New York, New York 10022
(212) 704-6162
joseph.defazio@troutman.com

Christopher J. Sullivan
John C. Leddy
**Nutter McClennen & Fish LLP**
655 Third Avenue
New York, NY 10017
(646) 440-8000
csullivan@nutter.com
jleddy@nutter.com

Chelsea M. Torres
**Nutter McClennen & Fish LLP**
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 439-2267
ctorres@nutter.com

Dated: New York, New York
March 13, 2026

SO ORDERED.

Paul A. Engelmayer
United States District Judge

7

## EXHIBIT A

### Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ have been designated as confidential.  I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.  I hereby agree that I will not disclose any information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this litigation.

Dated: _____, 20____

_____
Name (printed)

_____
Signature

Signed in the presence of:

_____
(Attorney)

8