Nutter

**John C. Leddy**
Direct Line: 646-440-8002
Fax: 646-440-8102
E-mail: jleddy@nutter.com

October 28, 2026

***Via ECF***

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re: *KEB Hana Bank as Tr. of LIME Chicago Off. Pro. Investor's Priv. Real Est. Fund 3 v. MS Wacker Manager LLC et al.*, 1:25-cv-02059 (PAE)
Motion to Redact and Seal Documents in Connection with Property Manager's Summary Judgment Motion

Dear Judge Engelmayer:

On behalf of defendant 601 W South Wacker Property Manager LLC ("Property Manager"), we write pursuant to the parties Confidentiality Stipulation and Protective Order (Dkt. 59) and Rules 4(B)(2)-(3) of Your Honor's Individual Rules and Practices in Civil Cases. Property Manager submits this motion for leave to file under seal six exhibits and eight more in redacted form in support of its motion for summary judgment ("Summary Judgment Motion).

Property Manager respectfully submits that good cause exists for the sealing and redactions it proposes, as each of the documents identified is not only designated Confidential pursuant to the Protective Order (Dkt. 59), but also falls into one or more of the following categories that further justify sealing, namely: "[a]ll of these documents 'fall[ ] into categories commonly sealed[:] those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.' . . . Non public data of this nature 'is sensitive and potentially damaging if shared with competitors.'" *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (quoting *Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) and *New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014)).

The documents that Property Manager seeks to seal or redact fall within one or more of the four categories, as described below.

Nutter



**I. <u>Confidential business strategy documents, including internal, confidential and commercially sensitive business communications and documents concerning the Company, Property, negotiations, and confidential competitive analysis that, if made public, would commercially or competitively disadvantage the disclosing party and related third parties</u>**

As to this category of documents, "Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard" and that "[d]ocuments falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like." *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (granting motion to seal); *see also Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales).

Courts likewise seal documents that reflect a party's business judgment and confidential information about its internal structure, operations, and governance, where disclosure would give competitors a strategic advantage. *See, e.g., Monterey Bay Mil. Hous., LLC v. Ambac Assur. Corp.*, 2025 WL 1305150, at *7 (S.D.N.Y. May 6, 2025) (granting request to seal agreements that "reflect the Developers' unique business judgment and model" where revealing them "would put them at a strategic disadvantage for future projects"); *see also Howie v. Ernst & Young LLP*, 2026 WL 1413589, at *4 (S.D.N.Y. May 20, 2026) (granting motion to redact portions of a partnership agreement, recognizing that courts permit sealing or redaction of "confidential information concerning a firm's internal structure, operations, and governance,") (citing *Monterey Bay Mil. Hous.*, 2025 WL 1305150, at *5). At issue here are documents concerning the operating agreements, management agreements and financials of non-party entities. These are non-public documents.

**II. <u>Sensitive agreements with business counterparties or information regarding negotiations with contract counterparties that, if made public, would commercially or competitively disadvantage the disclosing party or its business partners or would harm the disclosing party's ability to enter into such negotiations or agreements with third parties in the future.</u>**

Documents of this nature – containing information revealing the terms of such contracts or the content of such confidential negotiations are among those this Court routinely recognizes as justifying protection from the public view when used in litigation. *See Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (granting motion to redact and seal documents containing the terms of confidential trademark licensing agreements between

Nutter



plaintiff and its licensees as disclosure of those terms may harm plaintiff or its business partners and disadvantage them in future negotiations). Indeed, such documents are routinely sealed or redacted to prevent potential harm to parties and non-parties alike that may be brought on by a public disclosure. *See id.*; *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (on reconsideration, granting motion to seal emails revealing confidential negotiations between plaintiff and its customers); *Monterey Bay Mil. Hous.*, 2025 WL 1305150, at *5 (granting request to seal limited partnership and limited liability company operating agreements in their entirety where plaintiffs represented that the agreements set out the structure for operating the projects, which the developers developed based on their judgment and experience and continue to use, and finding that revealing the agreements "would enable the Developers' competitors to capitalize on their own strengths and exploit the Developers' weaknesses in bidding for future private and public projects"); *id.* at *6 (granting request to seal commitment letters that were "the result of negotiations between the Developers and lenders" where revealing them could allow competitors and future financing partners to use the information "to the Developers' disadvantage in future negotiations").

**III. Highly confidential non-public financial information that, if made public, would commercially or competitively disadvantage the disclosing party**

Among documents frequently recognized by this Court as appropriate for sealing are confidential corporate financial documents and budgets. *See Louis Vuitton Malletier S.A.*, 97 F. Supp. 3d at 511 (granting motion to redact documents containing expenditures and plans, strategies, policies, and sales); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal documents containing highly proprietary material concerning the party's marketing strategies, product development, costs and budgeting); *Skyline Steel, LLC*, 101 F. Supp. 3d at 412 (granting motion to seal highly confidential sales information that including pricing details not available to the public).

**IV. Excerpts of Deposition transcripts that include or discuss any of the above-mentioned categories**

The deposition transcripts that Property manager seeks to redact contain information that falls into the above three categories, and thus warrants protection. *See, e.g.*, *Rubik's Brand Ltd.*, 2021 WL 1085338, *2 (granting motion to redact portions of depositions as the "proposed redactions cover material that, if disclosed, would competitively harm Flambeau. For instance, a competitor could use information concerning sales figures to upend the puzzle cube market and disrupt the Quick Cube's business model.").

Property Manager has redacted the deposition transcripts where appropriate rather than seal the entire transcripts.

Nutter



Property Manager thanks the Court for its time and consideration of this matter.

Respectfully submitted,

John C. Leddy

cc: All Counsel (via ECF)

GRANTED.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Date: October 28, 2026
New York, New York